JAMES LALLY *vs.* JAMES R. WILLISTON & others.

Suffolk. March 18, 1927. — May 21, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Wagering Contract.*

An auditor to whom was referred an action against stockbrokers under G. L. c. 137, found that at various times the plaintiff had given instructions to the defendants to sell securities which he did not own, with the intention of covering "these orders by subsequent orders to purchase corresponding amounts of the same securities without the receipt or delivery of any certificates between the plaintiff and the defendants"; that the defendants made sales of securities not owned by the plaintiff and purchased corresponding amounts of the stock so sold, notifying the plaintiff in effect that all orders were to be executed according to the rules of the stock exchanges, that all stocks bought and sold were to be delivered through the clearing houses, according to the rules of the exchanges, and "that such a delivery should be a good delivery"; and that the plaintiff, when he gave orders to buy securities, intended that they were to be purchased and carried for him on margin, "but he never intended to take them up himself." At the trial, the auditor's report was in evidence and the plaintiff testified that he expected that the defendants in executing his orders would "bucket" them, and also stated that by that he meant, "Purchase and sale is bucketing"; and that when he gave the defendants orders to sell stock he expected that they would sell it, and, on orders to buy, that the defendants would "cover," which he explained to mean "buy." A verdict for the defendants was ordered. *Held,* that

(1) From the evidence it was apparent that the plaintiff intended that actual purchases and sales were to be made;

(2) The transactions in fact were actual purchases and sales so far as the defendants were concerned;

(3) The transactions were not gambling transactions under the statute merely because the securities were carried on margin and stocks not owned by the plaintiff were sold for his account, the defendants at the time making corresponding purchases; it was not material that no certificates passed between the plaintiff and the defendants;

(4) There was no evidence in contradiction of the auditor's report that the plaintiff intended there should be actual purchases and sales, and that purchases and sales were in fact made as ordered;

(5) The verdict rightly was ordered.

CONTRACT under G. L. c. 137 for the recovery of $10,500 on transactions in the year 1924. Writ dated March 21, 1925.

In the Superior Court, the action was referred to an auditor and afterwards was tried before *Flynn,* J., upon the auditor's report, documentary evidence described in the opinion, interrogatories to one of the defendants and answers thereto, and testimony by the plaintiff. Among other findings by the auditor were the following:

"The plaintiff intended at the time of giving these orders to sell to cover these orders by subsequent orders to purchase corresponding amounts of the same securities without the receipt or delivery of any certificates between the plaintiff and defendants.

"The defendants knew that the plaintiff had none of the above named securities in his account with them at the respective times when he gave the aforesaid orders to sell and the defendants had no reason to believe that the plaintiff then owned any of said securities. . . . "I find that the plaintiff when he gave the defendants the orders to buy securities . . . intended that they be purchased and carried for him on margin, but he never intended to take them up himself.

"I further find that the defendants had reasonable cause to believe, as to the transactions heretofore set forth, that the plaintiff intended that there should be no purchases made which he himself was to take up.

"The plaintiff intended to speculate in the transactions, heretofore mentioned, and the defendants had reasonable cause to believe that the plaintiff had such an intention
. . . ."

Other material findings by the auditor and evidence are stated in the opinion. At the close of the evidence, by order of the judge, a verdict was entered for the defendants. The plaintiff alleged exceptions.

*W. R. Bigelow,* (*J. E. Swift,* with him,) for the plaintiff.
*H. W. Beal,* (*J. H. Powers,* with him,) for the defendants.

CARROLL, J. The first count of the plaintiff's declaration alleged that he paid the defendants the sum of $10,500 as margin for the purchase and sale of stocks, intending at the time that there should be no actual purchase and sale thereof. The second count was on an account annexed.

The auditor found that the plaintiff opened an account with the defendants on September 13, 1922, depositing five shares of stock of Swift and Company and twenty-five shares of Western Maryland, at the same time directing the defendants to purchase for him one hundred shares of United Shoe Machinery stock. On the following day the plaintiff received a writing confirming the purchase of the United Shoe Machinery stock. The writing stated, "an actual purchase or sale is contemplated and intended in all orders to buy or sell." It was found that at various times the plaintiff had given instructions to the defendants to sell securities which he did not own, with the intention of covering "these orders by subsequent orders to purchase corresponding amounts of the same securities without the receipt or delivery of any certificates between the plaintiff and defendants." From April 7, 1924, to June 30, 1924, several sales were made of securities not owned by the plaintiff. Corresponding amounts of these stocks were purchased by the defendants. Notices were given the plaintiff to the effect that all orders were to be executed according to the rules of the stock exchanges, that all stocks bought and sold were to be delivered through the clearing houses, according to the rules of the exchanges, "that such a delivery should be a good delivery." It was further found by the auditor that the plaintiff, when he gave orders to buy securities, intended that they were to be purchased and carried for him on margin, "but he never intended to take them up himself."

At the trial in the Superior Court the plaintiff was asked if he expected, when he gave orders to sell or buy, that the defendants would execute the orders; he answered, "What they were to do I didn't have any knowledge of"; that he expected they (the defendants) would "bucket" them. Then followed: "Q. Did I ask you if they were bucketed? A. What did you mean? Q. You knew what I meant? A. Purchase and sale is bucketing." He further testified that when he gave the defendants authority to sell these stocks he expected they would sell them. He was asked if he expected the defendants would buy the stocks in accordance with his orders and he replied, "No. He had authority to cover." He admitted that "cover" means to buy. He also testified that he intended the defendants would exercise their authority and sell and buy the stocks.

On the auditor's findings the plaintiff could not recover. The plaintiff, when he gave orders to buy, intended that the securities should be purchased by the defendants and carried for him on margin. When he directed the defendants to sell stock not owned by him, he intended "to cover these orders by subsequent orders to purchase corresponding amounts of the same securities." He therefore intended that actual purchases and sales were to be made. The defendants sold and purchased stocks as ordered. The transactions were in fact actual purchases and sales. When stocks not owned at the time by the plaintiff were ordered to be sold, the defendants purchased stock to cover these sales. *Zembler* v. *Fitzgerald*, 234 Mass. 236. *Adams* v. *Hayden*, 236 Mass. 454. *Marshall* v. *Williston*, 256 Mass. 147. The plaintiff could not recover unless he intended that no real purchases or sales should be made. If real purchases and sales were made this was a defence preventing the plaintiff's recovery. We do not consider *Marshall* v. *James*, 252 Mass. 306, applicable to the facts in the case at bar. *Simpson* v. *Bright*, 257 Mass. 309. It was not a gambling transaction merely because the securities were carried on margin and stocks not owned by him were sold for his account, the defendants at the time making corresponding purchases. It was not material that no certificates

passed between the plaintiff and defendants. *Zembler* v. *Fitzgerald, supra. Ryan* v. *Whitney,* 257 Mass. 218, 223.

The plaintiff testified in reference to the stocks to be sold which he did not at the time own, that they were to be bucketed, but he admitted that by bucketing he meant the purchase and sale of the stocks. He intended the defendants should sell the stocks as ordered, and buy to cover these sales. Construing this evidence of the plaintiff in its entirety, it did not mean that the transaction was a mere bet on the rise or fall of prices, without any real transfer of the stock. The plaintiff intended that the defendants were to make actual sales and actual purchases of the securities dealt with. There was no evidence in contradiction of the auditor's report that the plaintiff intended there should be actual purchases and sales; that purchases and sales were in fact made as ordered. The direction of the verdict for the defendants was right.

*Exceptions overruled.*